IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

LOUIE VILLALBA,

    Petitioner,                      No. CIV S-04-2608 LKK DAD P

    vs.

MIKE KNOWLES, et al.,

    Respondents.                 ORDER

_____/

        Petitioner is a state prisoner proceeding pro se with an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner is challenging the March 2002 decision by the California Board of Parole Hearings[1] finding him unsuitable for parole and denying him a parole date. The matter is before the court on respondents' amended motion to dismiss.

        Respondents argue that the petition should be dismissed for lack of federal subject matter jurisdiction and assert that there is no federally protected liberty interest in parole. Respondents rely on <u>Sass v. California Board of Prison Terms</u>, 376 F. Supp. 2d 975 (E.D. Cal. 2005), in which the district court held that California prisoners do not have a liberty interest in

---

[1] Effective July 1, 2005, California's Board of Prison Terms was abolished and replaced with the Board of Parole Hearings. Cal. Penal Code § 5075(a) (West 2006) ("As of July 1, 2005, any reference to the Board of Prison Terms . . . refers to the Board of Parole Hearings.").

1  parole. The Ninth Circuit has ruled that the district court's holding in <u>Sass</u> was based on a
2  misreading of <u>In re Dannenberg</u>, 34 Cal. 4th 1061 (2005). <u>Sass v. California Board of Prison</u>
3  <u>Terms</u>, ___ F.3d ___, No. 05-16455, 2006 WL 2506393, at *3 (9th Cir. Aug. 31, 2006). The
4  Ninth Circuit concluded that "<u>Dannenberg</u> does not explicitly or implicitly hold that there is no
5  constitutionally protected liberty interest in parole." <u>Id.</u> Accordingly, "California inmates
6  continue to have a liberty interest in parole after <u>In re Dannenberg</u>." <u>Id.</u> at *1. Under clearly
7  established Supreme Court authority, "'California's parole scheme gives rise to a cognizable
8  liberty interest in release on parole.'" <u>Id.</u> at *3 (quoting <u>McQuillion v. Duncan</u>, 306 F.3d 895,
9  902 (9th Cir. 2002)). The liberty interest exists even for prisoners who have not already been
10 granted a parole date. <u>Id.</u> (citing <u>Biggs v. Terhune</u>, 334 F.3d 910, 915 (9th Cir. 2003)).

In light of the Ninth Circuit's holding in <u>Sass</u>, IT IS HEREBY ORDERED that:

1. Respondents' October 31, 2005 amended motion to dismiss is denied;

2. Respondents shall file and serve a new response to petitioner's habeas petition within thirty days after this order is filed. <u>See</u> Rule 4, Fed. R. Governing § 2254 Cases. An answer to the petition shall be accompanied by all transcripts and other documents relevant to the issues presented in the habeas petition. <u>See</u> Rule 5, Fed. R. Governing § 2254 Cases;

3. If the response to petitioner's habeas petition is an answer, petitioner's reply, if any, shall be filed and served within thirty days after the answer is served; and

4. If the response to petitioner's habeas petition is a motion, petitioner's opposition or statement of non-opposition to the motion shall be filed and served within thirty days after the motion is served, and respondents' reply, if any, shall be filed and served within fifteen days after petitioner's opposition is served.

DATED: September 1, 2006.

DAD:4
vill2608.sassmtd

DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE